Henry F. **REDDINGTON**, Claimant, Appellant,

v.

Harold A. **BURG**, Libellant, Appellee.

No. 6074.

United States Court of Appeals
First Circuit.

April 15, 1963.

Milton B. Goodman, Boston, Mass., for appellant.

William B. Sleigh, Jr., Boston, Mass., with whom Louis Shulman and Putnam, Bell, Santry & Ray, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

The appellee filed a libel in admiralty in the court below under 46 U.S.C. § 951 to foreclose a first preferred ship mortgage on the Oil Screw Vessel "Lucky-Lou II," her engines, etc., for breach of a covenant in the mortgage to provide insurance on the vessel satisfactory to the libellant. The libellee-mortgagor conceded that he had failed to provide insurance as he had covenanted to do in the mortgage. He rested his defence on two grounds, first that the vessel was uninsurable when he purchased it from the mortgagee-libellant and second that the libellant ought to have insured the vessel himself, as the mortgage authorized him to do in the event the mortgagor did not.

The court below after a hearing found the libellee's evidence that the vessel was uninsurable at the time it was sold "not convincing." It said: "On the contrary, I find it a fact that the vessel on that date was insurable in the hands of the libellant." With respect to the other defence the court said: "The right that the libellant reserved to insure at the expense of the libellee was a personal right and one to be exercised or not at the libellant's discretion. If the libellee could not secure insurance from companies acceptable to the libellant, it can hardly be supposed that the libellant was in any better position where the care and custody of the boat were left to the libellee."

On this appeal from a decree of foreclosure the appellant cannot challenge the basic finding on which the court below based its decree, for he has not included the evidence in the record appendix to his brief. The finding of fact made by the court below supports its conclusion of breach by the mortgagor-libellee of his covenant to insure.

Judgment will be entered affirming the decree of the District Court.